## MOKELUMNE HILL CANAL AND MINING COMPANY *v.* WOODBURY.

Where a notice of appeal to the Supreme Court and undertaking were filed in the clerk's office on the sixteenth of December, and on the next day a copy of the notice was served on the respondent, who, within five days after filing the undertaking, excepted to the sufficiency of the sureties to the undertaking : *Held,* that the respondent was not injured by the failure of the appellant to serve a copy of the notice of appeal on the day the undertaking was filed.

Where the sureties to an undertaking on appeal to the Supreme Court, justify in a sum less than double the amount specified in the undertaking, but more than double the amount of $300, such undertaking is sufficient, under section 348 of the Code, though insufficient to stay the issuance of the execution.

The principles decided in the case of the Bear River and Auburn Water and Mining Co. *v.* The New York Mining Co., (8 Cal. R., 327,) applied.

APPEAL from the District Court of the Fifth Judicial District, County of Calaveras.

This was an action for damages by the Mokelumne Hill Canal and Mining Company against George E. Woodbury, for diverting, polluting, and muddying the waters of the South Fork of the Mokelumne River, above the dam and flume of plaintiffs.

Plaintiffs are an incorporated company, and claim the waters that flow down said river, by appropriation, and the construction of a dam and ditch in November, 1852, and prior to that of defendant.   In their complaint, they claim damages against the defendant in the sum of $20,000, and pray for an injunction to restrain the defendant from using said waters above their dam and ditch.

The defendant, in his answer, avers that on the first day of May, 1856, he commenced the construction of his dam and ditch about twenty-five or thirty miles above the dam and head of flume of plaintiffs.   That at that point he takes out a portion of the waters of said river, which are conducted through his ditch, supplying the miners of a large section of country adjacent to the river, and which waters are again deposited or flow into the

bed of the river, in a pure state, at various points from six to three miles above the dam of plaintiffs. That the waters of said stream are muddied by reason of a large number of miners working in the bed of the river between the dam of defendant and that of plaintiffs, and also by reason of the discharge into the river, just above the dam of plaintiffs, of the waters of the West Point Ditch, on the north side of the river. Trial was had before a jury.

On the trial, John Andrews, a witness for the plaintiffs, who was being examined respecting his interest, testified that he held seventy-four shares of stock in the Mokelumne Hill Canal and Mining Company, and sold them that day. Defendant's counsel then asked this witness the following question : "Did you sell your stock for the purpose of becoming a witness in this action, and with the agreement that it should be re-transferred to you again after said action is determined?" Plaintiffs objected to the question, and the Court sustained the objection, and held that the question was not proper, and witness did not answer. To which ruling of the Court the defendant excepted.

John McKay, a witness for the plaintiffs, being on an examination respecting his interest in the action, testified that "he was a stockholder of the Mokelumne Hill Canal and Mining Company from the time of the organization of the company up to yesterday. I held several shares of the stock. Yesterday, I sold my stock." The counsel for the defendant asked this witness a similar question to the one propounded to the witness Andrews, which was objected to on the part of plaintiffs, and the objection sustained by the Court. To which ruling of the Court defendant excepted.

After the close of the testimony and argument of counsel, the Court, at the request of plaintiffs' counsel, gave to the jury the following written instructions :

" 1. In order to recover, it is only necessary for the plaintiffs to prove that they first appropriated the waters of the South Fork of the Mokelumne River, for the purpose indicated in their complaint, and that the defendant has diverted and lessened the quantity, or impaired the quality thereof materially, as averred in the complaint, and that plaintiffs have been injured thereby.

" 2. If the plaintiffs are entitled to recover at all, they are entitled to all the damages they have sustained in consequence of the defendant lessening and impairing said waters."

To the giving of which instructions, the defendant excepted.

The jury returned a verdict for the plaintiffs, in the sum of $11,166, and judgment was entered for that amount and costs of suit.

The undertaking on appeal was executed by three sureties, in the sum of $23,218 80. The first surety justified in the sum of

$6,000.   The second, in the sum of $8,000; and the third, in the sum of $20,000, making in the aggregate $34,000, less than double the amount specified in the undertaking.

A motion was made in this Court to dismiss the appeal, the grounds of which motion appear in the opinion of the Court.

*Robinson & Beatty* for Appellants.

*Heydenfeldt* for Respondent.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The notice of appeal, and the undertaking on appeal, were filed on the 16th day of December, 1857, and the notice served on the respondent the next day; but the respondent having excepted to the sufficiency of the sureties within the five days after the filing of the undertaking, he was not injured by a failure of appellant to serve notice of appeal on the day the undertaking was filed.   The undertaking on appeal was sufficient, under section three hundred and forty-eight of the Code, though insufficient to stay the issue of the execution.

1. We think the Court below erred in excluding the question put by defendant's counsel to the witnesses, Andrews and McKay, touching their interest in the event of the suit.

2. The first and second instructions given by the Court, at the request of the plaintiffs, were erroneous, under the decision of this Court in the case of The Bear River Company v. The York Company.   (8 Cal. Rep., 327.)   The opinion in that case was rendered after the most mature and anxious consideration.   It is but just to say that the present case was tried in the Court below before the decision in that case was rendered.

It is unnecessary to notice the other assignments of error.

Judgment reversed, and cause remanded.